IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION, | ) <br> ) <br> ) | **CIVIL ACTION NO.** |
| Plaintiff, | ) | **7:14-CV-00207** |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| AUTOZONERS, LLC d/b/a AUTOZONE, | ) | |
| | ) | **JURY TRIAL DEMAND** |
| Defendant. | ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of national origin, Hispanic, and to provide appropriate relief to Isaac Rodriguez ("Rodriguez") who was adversely affected by such practices. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission") alleges that Defendant AutoZoners, LLC, d/b/a AutoZone ("Defendant") subjected Rodriguez to a hostile work environment because of his national origin, Hispanic. The Commission further alleges that Defendant constructively discharged Rodriguez because of his national origin.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e–5(f) (1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Southern Division.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant AutoZoners, LLC d/b/a AutoZone has continuously been a Nevada limited liability company doing business in the State of North Carolina and the City of Wilmington and has continuously had at least fifteen employees.

5. At all relevant times, Defendant AutoZoners, LLC d/b/a AutoZone has continuously been an employer engaged in an industry affecting commerce under Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Rodriguez filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From around August 2011 until around January 2012, Defendant engaged in unlawful employment practices at its store located on Market Street in Wilmington, North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). As set forth

below, Defendant subjected Rodriguez to a hostile work environment based on his national origin, Hispanic, and forced him to resign as a result of the hostile work environment.

9. In late July 2011, Rodriguez was hired as a Parts Sales Manager at Defendant's Market Street store in Wilmington, N.C. Rodriguez was directly supervised by Defendant's General Manager who controlled the terms and conditions of Rodriguez's day-to-day employment.

10. Within a month after Rodriguez's hire, a co-worker, who was also a Parts Sales Manager, began calling Rodriguez derogatory names based on his national origin, such as "spic," "beaner," "border hoper," and "island nigger." The Parts Sales Manager called Rodriguez one or more of these names on an almost daily basis. Defendant's General Manager was often present when the Parts Sales Manager made these slurs to or about Rodriguez.

11. The Parts Sales Manager also threatened Rodriguez. On one occasion, the Parts Sales Manager showed Rodriguez a gun and made a comment like, "no spic will be assistant manager ahead of me." The Parts Sales Manager also displayed one or more guns to Rodriguez on other occasions when they were working together.

12. From around September 2011 until January 2012, another co-worker, the Commercial Sales Manager at the store where Rodriguez worked, called Rodriguez "spic," "border hopper," "island nigger," and "beaner." The Commercial Sales Manager made one or more of these comments to or about Rodriguez at least twice per week. Defendant's General Manager was often present when the Commercial Sales Manager made these slurs to or about Rodriguez.

13. The Commercial Sales Manager also made other derogatory comments to

3

Rodriguez based on Rodriguez's national origin, including but not limited to telling Rodriguez that he needed to go back to his own country; comments about "spics" not being welcome in a particular State in the U.S.; and making comments about "niggers" and "spics." At least one of these comments was made in the presence of the General Manager.

14. The General Manager who was Rodriguez's immediate supervisor, also called Rodriguez derogatory names like "spic," "beaner," "border hopper" and "island nigger," almost every day that they worked together. Additionally, the General Manager made other derogatory remarks to Rodriguez because Rodriquez is Hispanic, including but not limited to saying that white students are better than "spics" and "nigger students."

15. The national origin based harassment that Rodriguez was subjected to was severe or pervasive in that it involved derogatory and humiliating slurs, occurred on a daily or almost daily basis, involved Rodriguez's supervisor who was Defendant's General Manager, involved two separate co-workers, and included physical threats.

16. On several occasions, Rodriguez asked Defendant's General Manager to stop calling him the derogatory names described herein. Despite Rodriguez's requests, the General Manager did not stop. Additionally, Defendant's General Manager was present on many occasions when Rodriguez's co-workers made the derogatory slurs and comments described herein to or about Rodriguez, but did not take any action stop the harassment.

17. Rodriguez complained about the harassment to Defendant's District Manager on several occasions and complained to Defendant's Regional Human Resource Manager. Despite Rodriguez's complaints, the harassment described herein continued until Rodriguez resigned his employment in or around January 2012.

18. As a result of the harassment and the failure of Defendant's management to stop it after Rodriguez repeatedly complained, Rodriguez felt forced to resign on or about January 30, 2012. Rodriguez believed that his work environment was intolerable and Defendant was not going to take action to stop the national origin based harassment.

19. The effect of the practices complained of above has been to deprive Rodriguez of equal employment opportunities and otherwise adversely affect his status as an employee because of his national origin, Hispanic.

20. The unlawful employment practices complained of above were intentional.

24. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Rodriguez.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from harassment based on national origin or any other employment practice that discriminates on the basis of national origin.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for Hispanic employees and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Isaac Rodriguez whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Isaac Rodriguez.

D. Order Defendant to make Isaac Rodriguez whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above in amounts to be determined at trial.

E. Order Defendant to make Isaac Rodriguez whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and loss of civil rights in amounts to be determined at trial.

F. Order Defendant to pay Isaac Rodriguez punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 26th day of September, 2014.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS

Associate General Counsel

/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
N.C. Bar No. 19732
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202

/s/ Zoë G. Mahood
 ZOË G. MAHOOD
Senior Trial Attorney
N.C. Bar No. 21722
Raleigh Area Office
434 Fayetteville Street, Suite 700
Raleigh, North Carolina 27601
Telephone:     919.856.4080
Facsimile:     919.856.4156
Zoe.Mahood@eeoc.gov

ATTORNEYS FOR PLAINTIFF